IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENONE COLLIER, as Attorney in Fact for Lloyd Collier, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 10-cv-0450-MJR |
| SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE, LLC, a Delaware Limited Liability Company, | ) ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

In June 2010, Enone Collier, wife of and attorney in fact for Lloyd Collier, filed the above-referenced action against SmithKlineBeecham Corporation, alleging that Mr. Collier suffered from congestive heart failure and suffered a myocardial infarction and cerebrovascular accident as a direct and proximate result of ingesting the antidiabetic drug Avandia. Plaintiff seeks compensatory and punitive damages.

On threshold review, the Court twice directed Plaintiff's counsel to file an amended complaint furnishing information needed to verify that federal subject matter jurisdiction lies. Review of Plaintiff's second amended complaint reveals that this Court enjoys subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332, in that the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Now before the Court is Defendant's July 19, 2010, Motion to Stay (Doc. 13). Stated simply, Defendant asks this Court to stay any further proceedings in the Southern District of Illinois pending a ruling by the MDL Panel on whether to consolidate this case for coordinated pretrial proceedings with a set of cases now pending in the U.S. District Court for the Eastern District of Pennsylvania before the Honorable Cynthia M. Rufe (MDL No. 1871). Defendant further requests an extension of time to move, plead or otherwise respond to Plaintiff's complaint pending transfer to the MDL Court.

Although cognizant that Defendant has notified the MDL Panel that this case qualifies as a "tag-along" action and that the Panel is expected to issue a Conditional Transfer Order, the Court **DENIES at this time** the motion to stay all proceedings (Doc. 13). The undersigned Judge generally does not stay pretrial proceedings pending MDL transfer. FEDERAL RULE OF PROCEDURE OF THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION 1.5 provides that the pendency of a motion for transfer to the MDL "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."

Similarly, the MANUAL FOR COMPLEX LITIGATION, Federal Judicial Center, § 20.131 and § 22.35 (4th ed. 2004), states that during the pendency of a motion for MDL transfer, the court in which the action was filed retains jurisdiction over the case and need not suspend proceedings.

The undersigned Judge will closely monitor any further orders from the MDL Panel, including any conditional or final transfer order which may issue herein. In the meantime, the undersigned Judge will track the case ("**TRACK C**") and assign a trial date. However, the Magistrate Judge assigned hereto (Judge Wilkerson) **need not enter a Scheduling and Discovery Order** at this time and is respectfully requested to wait 90 days before proceeding with that step.

**IT IS SO ORDERED.**

**DATED this 27th day of July, 2010.**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**